ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HESS CORPORATION, | ) | |
| | ) | CASE NO. 5:09CV1304 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| PRECISION POWDER COATING, INC., | ) | <u>ORDER</u> |
| | ) | |
| Defendant. | ) | |
| | ) | (Resolves Docs. 5, 8, 13) |

Pending before the Court are Plaintiff's motions to enter default judgment and to strike Defendant's answer, and Defendant's motion to extend its time to answer. The Court now resolves those motions.

Plaintiff, Hess Corporation, filed its complaint against Defendant, Precision Powder Coating, Inc., on June 8, 2009. The parties are in agreement that Precision's answer was due on July 6, 2009, but was not filed until July 7, 2009. Along with the answer, Precision filed a motion requesting an extension of time to answer. Doc. 8. Also on July 7, 2009, prior to the answer being filed, Hess moved for default judgment. Doc. 5. On July 21, 2009, Hess moved to strike the answer as untimely. Doc. 13. Precision's motion for an extension has been fully briefed. Based upon the Court's resolution of that motion, the remaining two motions will be resolved herein as well.

In *Nafziger v. McDermott Internat'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006), the Sixth Circuit identified five factors that this Court should consider in determining whether a party has

shown sufficiently excusable neglect to justify an extension of time under Rule 6(b).  Those factors stem from the *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993). The factors include: (1) whether prejudice would result to the non-moving party; (2) the length and impact of the delay on the judicial proceedings; (3) the reason for the delay; (4) whether the delay was in the control of the moving party; and (5) whether the moving party has acted in good faith.  *Id.*

The delay in this matter was less than one day.  Based upon the Court's electronic filing system, Precision effectively had until 11:59 p.m. on July 6 to file its answer.   The answer was in fact filed at 3:37 p.m. on July 7.  Furthermore, as this litigation was only recently initiated, there have been no prior delays occasioned by Precision's conduct.  This factor, therefore, weighs in favor of granting the motion.

Furthermore, granting the extension will result in no prejudice to Hess.  Despite Hess' contention to the contrary, the mere fact that it will not now be entitled to default judgment is not a valid basis for claiming prejudice.   In reaching this conclusion, the Court is mindful that there is a strong preference for deciding cases on their merits.  *See Krowtoh II LLC v. Excelsius Internat'l Ltd.*, 2009 WL 1405193, at *4 (6th Cir. May 19, 2009) (citing *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986).  Adopting Hess' argument that its prejudice flows from the fact that it will not receive default flies in the face of the policy of deciding cases on their merits.   Accordingly, the Court will not adopt such an approach.

With respect to the reason for the delay, the Court agrees that generally a busy office schedule does not constitute excusable neglect.   However, this Court has broad discretion to expand filing deadlines.

> The Second Circuit has stated that "mere inadvertence, without more, *can* in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2)." *Raymond v. Int'l Bus. Machs. Corp.*, 148 F.3d 63, 66 (2nd Cir. 1998). The Fifth Circuit has emphasized that the district court is to be granted broad discretion to expand the filing deadline. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir.1995) (finding that the district court's acceptance of a motion one day late was "perfectly reasonable").

*Alternate Travel, Inc. v. Worldspan, L.P.*, 52 Fed. Appx. 693, 698-99 (6th Cir. 2002).  Based upon its discretion, the Court finds that expanding the deadline is warranted.  According to Precision's filings, the delay was caused by significant attention being paid to litigation matters that were paramount to Precision continuing as a going concern.  As Precision's ability to remain in business directly benefits Hess' ability to ultimately recover a judgment if successful, the Court finds it particularly appropriate to grant Precision an extension under the facts presented.

Finally, the Court acknowledges that the delay was solely within the control of Precision.  However, given the filings herein, there is no question that Precision was acting in good faith when it filed its answer and motion a single day beyond the deadline.

Based upon the above, the motion for an extension of time to answer is GRANTED.  The answer filed on July 7, 2009 is deemed to be timely filed.  Consistent with the above, Hess' motion to strike the answer is DENIED and its motion for default judgment is DENIED.

IT IS SO ORDERED.


August 6, 2009_____        */s/ John R. Adams*_____
Date                                JUDGE JOHN R. ADAMS
                                    United States District Judge